IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Ryder, #26623-038, ) | C/A No.: 1:15-2402-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| M. Travis Bragg, Warden, and ) | |
| Federal Bureau of Prisons (FBOP), ) | |
| ) | |
| Respondents. ) | |
| ) | |

Donald Ryder ("Petitioner") is a federal inmate housed at Federal Correctional Institution ("FCI") Bennettsville, a facility of the federal Bureau of Prisons ("BOP"). He has submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.     Factual and Procedural Background

Petitioner indicates he was charged in a 15-count indictment in the Northern District of New York on October 18, 2011. [ECF No. 1 at 8]. Petitioner alleges he entered a guilty plea to count one, conspiracy to commit offenses against the United States, and count four, bank fraud. *Id.* Petitioner states the court sentenced him on January 17, 2013, to 46 months incarceration and five years of supervised release. *Id.* Petitioner states he was released from his term of imprisonment on January 14, 2014. *Id.* Petitioner alleges he

was arrested in North Carolina on December 12, 2014, and charged with violating the conditions of his supervised release. *Id.* at 8–9. Petitioner admitted to two violations and, on February 18, 2015, the court sentenced him to 28 months imprisonment and 24 months of supervised release. *Id.* at 9.

Petitioner states that he is challenging the execution of his sentence. *Id.* at 2. Petitioner claims the sentencing court could only punish him for his convictions with a fine, imprisonment, or both and argues his supervised release sentence "is an unauthorized sentence and amounts to a violation of double jeopardy, Separation of powers, and Bill of Attainder." *Id.* at 10.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*,

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

1.   A challenge to a federal conviction and sentence is properly brought pursuant to 28 U.S.C. § 2255

Although Petitioner alleges he is challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, Petitioner's arguments address his sentence as imposed. A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255, as petitions under § 2241 are generally reserved for challenges to the execution of a sentence. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). However, in limited circumstances, § 2255 may be inadequate or ineffective to test the legality of the prisoner's detention, and the prisoner may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

2.   Petitioner does not demonstrate § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal convictions and sentences under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

3

> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner does not indicate he filed a direct appeal or a § 2255 motion. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy the criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held a petitioner must show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

Petitioner fails to demonstrate the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner attempts to invoke § 2255's savings clause by arguing the court improperly sentenced him to supervised release. The Fourth Circuit, however, has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 F. App'x 327, 328

4

(4th Cir. 2013) (holding a challenge to a sentencing factor is not cognizable under § 2241). Further, the Fourth Circuit has found supervised release is authorized statutorily as a component of a federal sentence. *See United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) ("The sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of supervised release is an authorized part of the original sentence for commission of the felony or misdemeanor."); 18 U.S.C. § 3583; *United States v. Coleman*, 241 F. App'x 945, 946 (4th Cir. 2007) (holding double jeopardy was inapplicable to a supervised release sentence because the term of supervised release is part of the original sentence). As Petitioner cannot demonstrate a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255 and this case is subject to summary dismissal.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends the court dismiss the petition in the above-captioned case without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

June 30, 2015                                     Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).